## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE A. GILBERT,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **No. 19-2986** |
| | : | |
| **DIPLOMAT PROPERTY MGR LLC,** | : | |
| *et al.,* | : | |
| *Defendants.* | : | |

## MEMORANDUM

### I.    INTRODUCTION

Currently before the Court is Defendants, Diplomat Property Manager, LLC's

and Fay Servicing, LLC's (hereinafter, "Moving Defendants"), Motion to Dismiss

Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiff did not file a response.

### II.    BACKGROUND

Plaintiff, who is proceeding *pro se*, filed the instant Complaint against Moving

Defendants, as well as Bank of America and McCabe, Weisberg & Conway LLC

("McCabe"). Plaintiff, according to his Complaint, resides at 6 Wilden Drive,

Easton, Pennsylvania 18045. Defendants, Diplomat, Fay Servicing, and McCabe,

according to Plaintiff's Complaint, are limited liability corporations. Plaintiff did

not plead the citizenship of all Defendants' members.

Although Plaintiff failed to properly plead the Defendants' citizenship for

jurisdictional purposes, Plaintiff alleged that the basis for the Court's jurisdiction is

federal question jurisdiction under "Mortgage fraud on behalf of Bank of America.

Preditory [sic] lending. Discrimination based on race and age." (ECF No. 2 at 4).

Because the Plaintiff is proceeding *pro se*, the Court will liberally construe his

pleadings. *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

When there is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), a court

must first determine whether the motion is a "facial" or "factual" attack against

subject matter jurisdiction. A facial attack:

> [I]s an argument that considers a claim on its face and asserts that it is
> insufficient to invoke the subject matter jurisdiction of the court
> because, for example, it does not present a question of federal law, or
> because there is no indication of a diversity of citizenship among the
> parties.

*Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "[A] facial

attack calls for a district court to apply the same standard of review it would use in

considering a motion to dismiss under Rule 12(b)(6), *i.e.,* construing the alleged

facts in favor of the nonmoving party." *Id*.

"A factual attack, on the other hand, is an argument that there is no subject

matter jurisdiction because the facts of the case . . . do not support the asserted

jurisdiction." *Id*. "A factual attack requires a factual dispute." *Id*. "In sum, a

2

facial attack 'contests the sufficiency of the pleadings.'" *Id.* (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)). "'[W]hereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (alterations in original) (internal citations omitted) (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)). The plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction. *Schneller ex. rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). Here, Plaintiff chose to not file a response. Moving Defendants' Motion to Dismiss contains clear facial attacks.

A. Federal Question Jurisdiction.

Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, according to the Complaint, Plaintiff alleged this Court has federal question subject matter jurisdiction under "Mortgage fraud on behalf of Bank of America. Preditory [sic] lending. Discrimination based on race and age." (ECF No. 2 at 4). Similarly, on the Designation Form, Plaintiff indicated federal question jurisdiction by checking the box labeled "All other Federal Question Cases" and specified "Mortgage Loan Fraud—Preditory [sic] Lending—Age/Race Discrimination." *Id.* at 1.

3

Plaintiff did not present a violation of federal law. The Complaint points to no federal statute and does not specify enough facts to make a determination there was a viable claim for discrimination under the Constitution or federal statutes. Therefore, because Plaintiff did not allege a violation of the Constitution, laws, or treatises of the United States, Plaintiff failed to meet his burden of demonstrating that this Court has federal question subject matter jurisdiction.

## B. Diversity Jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over civil matters where the amount in controversy exceeds $75,000.00 and there is complete diversity between the parties. 28 U.S.C. § 1332(a). To have complete diversity, no defendant can be a citizen of the same state as the plaintiff. *Id.* If a corporation is a defendant, it is deemed "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* at §1332(c). Cities, such as the City of Philadelphia, are political subdivisions and "are citizens of their respective States." *Moor v. Alameda County*, 411 U.S. 693, 718 (1973) (internal quotations omitted) (quoting *Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972)).

### 1. *Amount in Controversy.*

First, Plaintiff did not specify an amount in controversy. In his request for relief, Plaintiff merely stated, "The compensation sought is complete forgiveness

4

of the loan due to fraud.  That is all we are asking."  (ECF No. 2 at 6) (emphasis in original).  Moreover, Plaintiff did not pray for a relief that could allow this Court to infer a general allegation of an amount exceeding $75,000.00.  Consequently, Plaintiff failed to meet his burden of demonstrating that the amount in controversy exceeds $75,000.00.

Nevertheless, upon reviewing the record in Plaintiff's favor, it appears that the loan modification agreement specified an amount of $206,800.00.  *Id.* at 9; 10. Even if this Court were to assume that the amount in controversy is the amount described in the loan modification agreement (*i.e.*, $206,800.00) Plaintiff still failed to establish complete diversity of citizenship between the parties.

### 2. *Complete Diversity of the Parties.*

Plaintiff failed to establish complete diversity.  Plaintiff stated in his Complaint that he is a citizen of Pennsylvania.  *Id.* at 3.  Further, he stated that Defendant McCabe is also a citizen of Pennsylvania.  *Id.* at 4.  By Plaintiff's own admission, Plaintiff and Defendant McCabe are citizens of the same state.

Further, Plaintiff alleged that Defendants Diplomat, Fay Servicing, and McCabe, are limited liability corporations.  (ECF. No. 2 at 4).  However, Plaintiff failed to indicate the citizenship of all Defendants' members.  Therefore, because Plaintiff admitted that Defendant McCabe is also a citizen of Pennsylvania and failed to provide the citizenship of Defendants' limited liability corporation

5

members, Plaintiff failed to meet his burden of demonstrating complete diversity between the parties.

Plaintiff's Complaint failed to establish that the amount in controversy exceeds $75,000.00 and that there is complete diversity between the parties. Therefore, Plaintiff failed to meet his burden of demonstrating that this Court has diversity subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, this Court does not have subject matter jurisdiction to hear this matter because there is no federal question presented and there is not complete diversity between the parties. Therefore, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) is granted and Plaintiff's Complaint is dismissed against all Defendants.[1]

**BY THE COURT:**

Dated: 9-11-2019

_____

**CHAD F. KENNEY, JUDGE**

---

[1] Because this Court ruled that it does not have jurisdiction to hear this matter, it need not address Defendant, Diplomat and Fay Servicing, arguments under Rule 12(b)(6).