IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRUCE A. GILBERT,** *Plaintiff,* | : <br> : <br> : |
| v. | :     NO. 19-CV-2986 <br> : |
| **DIPLOMAT PROPERTY MGR LLC, et al.,** *Defendants.* | : <br> : |

## MEMORANDUM

*Pro se* Plaintiff Bruce A. Gilbert has filed an Amended Complaint against Diplomat Property MGR LLC, Bank of America, Fay Servicing, and McCabe, Weisberg & Conway LLC. ECF Nos. 18, 20. Gilbert also filed a Motion to Proceed *In Forma Pauperis*. ECF No. 19. Because the Court previously granted Gilbert's application to proceed *in forma pauperis* (ECF No. 6), his current motion (ECF No. 19) seeking the same relief is denied as moot. For the following reasons, the Amended Complaint (ECF Nos. 18, 20) will be dismissed with prejudice.

**I.     FACTS**

Gilbert used the Court's preprinted form complaint and filled in the sections requesting the basis for this Court's jurisdiction, the operative facts, and relief requested. ECF No. 18 at 2. Under Section II – Basis for Jurisdiction, Gilbert alleges Federal Question and Diversity of Citizenship. *Id.* According to Gilbert, the federal Constitutional, statutory or treaty right at issue is "sates of Texas, North Carolina, and New York are now involved and the amount is 360,000.00 plus

damages which equal 100,000.00." *Id.* Gilbert is a Pennsylvania citizen for diversity purposes and all Defendants' citizenship is diverse to his except for McCabe, Weisberg & Conway LLC. *Id.* at 2, 3. The topics addressed in Gilbert's narrative include a loan modification, predatory lending, and fraud. *Id.* at 3. Gilbert alleges he sustained injuries that "have been medical, emotional, mental loss of jobs, threat of being evicted for 10 years for [sic] my home of 20." *Id.* at 4. The relief Gilbert seeks is "360,000 (loan amount) plus 100,000 (damages) due to the fraud that led us to this point." *Id.*

## II. STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Gilbert is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

2

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

Additionally, Gilbert's Amended Complaint is subject to dismissal if it fails to set forth a proper basis for this Court's exercise of subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Gilbert bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests

3

with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

### III. DISCUSSION

Gilbert's Amended Complaint fails to provide enough information to put any of the named defendants on enough notice to prepare their defenses. Further, the Court is not sufficiently informed to determine the issues. Here, the factual allegations are identical to the initial Complaint. Accordingly, the Amended Complaint remains indecipherable.

Gilbert describes a situation where a 2009 loan modification was completed under Gilbert's deceased father's name that Gilbert attempted to correct but the loan was subsequently sold. ECF No. 18 at 3. It appears that Gilbert included any entity that purchased the loan as a defendant. Gilbert claims Defendant Diplomat Property MGR LLC is the current holder of the loan. *Id.* However, the Complaint does not appear to include any facts related to named Defendant McCabe, Weisberg & Conway LLC.

Additionally, the basis for the Court's jurisdiction is uncertain. Gilbert has not indicated how this Court has jurisdiction and it is unclear from the facts asserted in the Complaint whether a factual basis exists that would permit this Court to exercise federal question jurisdiction over this case. Further, so long as

McCabe, Weisberg & Conway LLC is listed as a defendant, complete diversity of the parties does not exist.

## IV. CONCLUSION

Having reviewed the Amended Complaint, the Court finds that Gilbert failed to correct the previous defects contained therein. Accordingly, the Court finds the Amended Complaint fails to state a cognizable claim and it provides no basis for the Court to exercise subject matter jurisdiction. Accordingly, the Court will dismiss the complaint pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice. An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

Date: 11-8-2019

**CHAD F. KENNEY, JUDGE**